983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Constantino MIERSS-VASQUEZ, Defendant-Appellant.
 No. 90-30023.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1992.
Decided Jan. 13, 1993.
 
 Before WALLACE, Chief Judge, and EUGENE A. WRIGHT and LEAVY, Circuit Judges.
 
 MEMORANDUM
 
 1
 Mierss-Vasquez appeals from his judgment of conviction upon a guilty plea to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. The district court had jurisdiction pursuant to 18 U.S.C. § 3231, and our jurisdiction is under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.
 
 
 2
 Mierss first contends that the district court erred by adjusting his offense level upward for possession of a firearm during the commission of a narcotics offense, pursuant to U.S.S.G. § 2D1.1(b)(1). We review the district court's finding that Mierss possessed a firearm during the commission of a narcotics offense for clear error. United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990) (Garcia). The district court's finding that Mierss's coconspirator's possession of a firearm in furtherance of the conspiracy was reasonably foreseeable to Mierss is also reviewed for clear error. Id.
 
 
 3
 Section 2D1.1(b)(1) requires a two point increase in a defendant's base offense level for possession of a dangerous weapon, including a firearm, during commission of a narcotics offense. By application of U.S.S.G. § 1B1.3(a)(1), which requires consideration of all acts and omissions occurring during commission of the crime including, in cases of conspiracy, acts of coconspirators "reasonably foreseeable by the defendant," id. at comment. (n. 1), a defendant convicted of conspiracy in a narcotics offense may receive this upward adjustment for a coconspirator's possession of a firearm if such possession was reasonably foreseeable by the defendant. United States v. Kelso, 942 F.2d 680, 682 n. 3 (9th Cir.1991) (Kelso). Drug trafficking is a dangerous, violent business in which a coconspirator's possession of a firearm is reasonably foreseeable for purposes of sentence enhancement. Garcia, 909 F.2d at 1350; United States v. Willis, 899 F.2d 873, 875 (9th Cir.1990) (Willis).
 
 
 4
 Here, there was no evidence that Mierss knew of the presence of the gun or that he was involved in planning the sale. However, he admitted driving Sanchez to make what Mierss knew to be a cocaine delivery with the expectation of being paid. Federal agents saw him exiting his car at the drop-off location and handing Sanchez a paper bag later found to contain a kilogram of 82 percent pure cocaine. The agents found Sanchez's cellular telephone and purse, concealing the gun, on the car seat beside Mierss when they arrested him.
 
 
 5
 Sanchez pleaded guilty to possession of the firearm, and Mierss concedes that Sanchez did in fact possess it. Thus, this case is factually distinguishable from Kelso, in which we reversed the district court's application of section 2D1.1(b)(1) where there was no evidence that either the defendant or his co-conspirator had actual or constructive possession of the firearm. Kelso, 942 F.2d at 682. In Kelso, we emphasized that under Garcia "the adjustment would have been appropriate if the district court had found that possession by Kelso's co-conspirator had been reasonably foreseeable to Kelso." Id. at 682 n. 3. That is exactly the situation we are faced with here.
 
 
 6
 We have observed that " 'trafficking in narcotics is very often related to the carrying and use of firearms.' " Willis, 899 F.2d at 875, quoting United States v. Ramos, 861 F.2d 228, 231 n. 2 (9th Cir.1988). Mierss stated to the probation officer, "From the surrounding circumstances I had a pretty good idea of what was taking place," indicating a familiarity on his part with the ways and means of narcotics distribution. Additionally, Mierss previously had served a prison term for two counts of selling small amounts of heroin. The district court did not clearly err in finding that Sanchez's possession of a firearm was reasonably foreseeable to Mierss, and properly adjusted his offense level upward. See Garcia, 909 F.2d at 1349-50.
 
 
 7
 Mierss next contends that the district court erred by not adjusting his offense level downward for being a minor or minimal participant in the cocaine sale due to his role as a mere courier. Mierss bears the burden of establishing by a preponderance of the evidence that he is entitled to a reduction for minor or minimal participation in the conspiracy. United States v. Howard, 894 F.2d 1085, 1089 (9th Cir.1990). Whether a defendant is a minor or minimal participant is a factual determination reviewed for clear error. United States v. Flores-Payon, 942 F.2d 556, 560 (9th Cir.1991) (Flores-Payon); United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991) (Lui).
 
 
 8
 The downward adjustment for a minor or minimal role in the offense applies when a defendant is "substantially less culpable than the average participant" in the crime, and should be used only infrequently. U.S.S.G. § 3B1.2, comment. (background); United States v. Sanchez, 908 F.2d 1443, 1449 (9th Cir.1990). Even a defendant who establishes his role as a mere courier may not be entitled to a lower guideline range as a minor participant depending upon his culpability in the offense. See Lui, 941 F.2d at 849; United States v. Rigby, 896 F.2d 392, 395 (9th Cir.1990) (Rigby). A district court need not accept a defendant's self-serving statements that he was a mere courier. Lui, 941 F.2d at 849. A defendant's possession of a substantial amount of narcotics can be grounds for the district court's refusal to reduce his sentence. Id. (stating that 574 grams of heroin, one kilogram of cocaine, and 497 grams of cocaine have each been deemed "substantial" amounts).
 
 
 9
 The district court was not required to accept Mierss's own declarations that he learned of the cocaine sale only as he was driving Sanchez to the drop-off location, and could reasonably have found that Mierss did not meet his burden of proving his minor role in the crime. See id. In addition, the district court explicitly weighed Mierss's relative culpability against that of his coconspirators and sentenced him at the low end of his guidelines range of 70-87 months. See id. Coconspirator Sanchez received a sentence of 10 years. There was no clear error in the district court's finding that Mierss was not a minor or minimal participant in the conspiracy involving a substantial amount of cocaine. See Flores-Payon, 942 F.2d at 560-61.
 
 
 10
 Mierss finally contends that the district court erred by failing to hold a hearing to determine contested facts at sentencing. The district court's refusal to hold an evidentiary hearing prior to sentencing is reviewed for an abuse of discretion. United States v. Upshaw, 918 F.2d 789, 791 (9th Cir.1990), cert. denied, 111 S.Ct. 1335 (1991). " 'Due process does not require an evidentiary hearing ... on all challenged information in the presentence report.' " United States v. Monaco, 852 F.2d 1143, 1148 (9th Cir.1988), cert. denied, 488 U.S. 1040 (1989), quoting United States v. Petitto, 767 F.2d 607, 611 (9th Cir.1985), overruled on other grounds, United States v. Fernandez-Angulo, 897 F.2d 1514 (9th Cir.1990) (en banc). " '[T]he scope of the procedure for rebuttal lies within the sound discretion of the trial judge.' " Id., quoting United States v. Peterman, 841 F.2d 1474, 1484 (10th Cir.1988), cert. denied, 488 U.S. 1004 (1989) (citations omitted).
 
 
 11
 U.S.S.G. § 6A1.3 requires that the parties be given "adequate opportunity to present information to the court" about disputed sentencing factors, U.S.S.G. § 6A1.3(a), and that the court "resolve [such] factors in accordance with Rule 32(a)(1), Fed.R.Crim.P. [ ], notify the parties of its tentative findings and provide reasonable opportunity for the submission of ... objections before imposition of sentence." U.S.S.G. § 6A1.3(b). Federal Rule of Criminal Procedure 32(a)(1) permits postponement of sentencing pending resolution of disputed factors.
 
 
 12
 At his sentencing hearing, Mierss specifically accepted the factual findings of his presentence report. He challenged only the inferences to be drawn from the undisputed facts: whether presence of the gun was foreseeable and whether he was a minor or minimal participant in the conspiracy. Mierss had the opportunity to present his position fully on these issues both in his response to the presentence report and at the sentencing hearing. The district court did not abuse its discretion by failing to hold an additional hearing. See Rigby, 896 F.2d at 394-95 (no hearing warranted where defendant accepted accuracy of information in presentence report; where response and addendum to report clearly set forth disputed inferences to be drawn from those facts; and defendant had opportunity to fully present his position to court at sentencing).
 
 
 13
 AFFIRMED.