**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mark Wayne KELSO, Defendant–
Appellant.**

**No. 90–50453.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 1991.*

Decided Aug. 21, 1991.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

seat police discovered two bags containing 963.20 grams of methamphetamine, a loaded semi-automatic pistol, and assorted ammunition. Agents also found a notepad and receipt book belonging to Kelso, though there is no evidence whether these items were found with the drugs or elsewhere.[1]

Both Muro–Torres and appellant admitted knowledge of the drugs, but each asserted that he was accompanying the other to a narcotics buy and steadfastly denied knowledge of the weapon. Appellant says he agreed to provide a buyer for the drugs and to accompany Muro–Torres to the sale, in exchange for return of title to his truck which, appellant claims, was transferred to Muro–Torres while appellant was incarcerated.

Nancy G. Kendall, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellant.

Cynthia Bashant, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before PREGERSON, HALL and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

Mark Wayne Kelso pleaded guilty to conspiracy to possess a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and § 846. He appeals the sentence imposed under the Sentencing Guidelines ("Guidelines"). We have jurisdiction under 28 U.S.C. § 1291 and reverse.

## I. Facts

On December 7, 1989, Border Patrol agents requested to search a pickup driven by codefendant Juan Muro–Torres ("Muro–Torres") after police noticed the truck's ignition switch was removed and Muro–Torres and his passenger, Kelso, appeared to behave nervously. Muro–Torres consented to the search and behind the driver's

To arrive at a sentence after the guilty plea, the district court employed a base level of 30 pursuant to U.S.S.G. § 2D1.1(c). The base level was reduced by 2 points for acceptance of responsibility, U.S.S.G. § 3E1.1, and increased by two points for possession of a firearm in connection with the conspiracy. U.S.S.G. § 2D1.1(b)(1). Kelso was found to have a criminal history category of VI, and was sentenced to 168 months.

## II. Discussion

Kelso argues that there is no evidence he possessed the firearm and thus the § 2D1.1(b)(1) enhancement was improper. We review the district court's finding that Kelso possessed a firearm during the commission of a narcotics offense for clear error. *United States v. Garcia,* 909 F.2d 1346, 1349 (9th Cir.1990).

Kelso asserted in his presentence statement, and at the sentencing hearing, that he had no knowledge of the weapon. Despite Kelso's objections, the district court found that because the loaded weapon was in close proximity to the drugs and was within Kelso's reach the gun was in his possession for the purpose of § 2D1.1(b)(1). The court also based its analysis of the

---

1. In its brief, the government asserts "appellant's note pad and receipt book was found with the gun." We find no evidence in the investigative report, the presentence report, or the sentencing transcript of the location of these items in the truck.

facts on Kelso's criminal record, which contained a series of narcotics violations and at least two offenses involving guns. The court held that it was not improbable,[2] given the facts here and Kelso's criminal history, that he was aware of the weapon and that he intended to employ it if any problems arose during the narcotics deal.

Under the Sentencing Guidelines, a trial court is required to apply the § 2D1.1(b)(1) enhancement if it finds that "a firearm or other dangerous weapon was possessed during the commission of the offense...." This enhancement "reflects the increased danger of violence when drug traffickers possess weapons." § 2D1.1, Comment. (n. 3).

In this case, there is no question that the firearm was present during the commission of the offense. It was located in the same bag, along with extra ammunition, as the narcotics intended to be distributed. The question here is who *possessed* the gun? The government does not argue, and indeed there is no evidence, that Kelso had actual physical possession of the weapon. To apply the § 2D1.1(b)(1) enhancement, then, Kelso must have had constructive possession of the weapon. To demonstrate constructive possession

> the government must prove "a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the substance." *United States v. Disla*, 805 F.2d 1340, 1350 (9th Cir.1986). It is not the same as merely knowing the weapon is nearby. "The circumstances of each case must be examined to determine if there is 'such a nexus or relationship between the defendant and the goods that it is reasonable to treat the extent of the defendant's dominion and control as if it were actual possession.'" *United States v. Cousins*, 427 F.2d 382, 384 (9th Cir.1970) (quoting

*United States v. Casalinuovo*, 350 F.2d 207, 209–11 (2nd Cir.1965)). *United States v. Terry*, 911 F.2d 272, 278 (9th Cir.1990).[3]

We find no such evidence of dominion or control in this case. Although Kelso may have had access to the gun, there is no evidence he owned it, or even was aware of its presence. The district court applied the enhancement because he had access to the weapon and had used weapons in the commission of prior offenses. This is insufficient evidence of a relationship between Kelso and *this* weapon to establish constructive possession.

In view of the above, it was clear error for the district court to find Kelso was in "possession" of the weapon for the purpose of § 2D1.1(b)(1). We reverse and remand for resentencing in accordance with this opinion.

REVERSED and REMANDED FOR RESENTENCING.

---

2. Application Note 3 to Guideline § 2D1.1(b)(1) states: "The enhancement for weapons possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is *clearly improbable* that the weapon was connected with the offense."

3. Alternatively, the adjustment would have been appropriate if the district court had found that

possession by Kelso's co-conspirator had been reasonably foreseeable to Kelso. *See United States v. Garcia*, 909 F.2d 1346, 1349–50 (9th Cir.1990).

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).