963 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Isidro Calderon CONTRERAS, Defendant-Appellant.
 No. 90-30054.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.*
Decided May 12, 1992.
 
 1
 Before WALLACE, Chief Judge, GOODWIN, Circuit Judge, and LEVI,** District Judge.
 
 MEMORANDUM
 
 2
 Calderon Contreras appeals his sentence of 60 months' imprisonment following a conviction for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1)(c). The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 Calderon Contreras argues that the district court erroneously adjusted his sentence upward two levels for possession of a firearm. Sentencing Guideline § 2D1.1(b) requires a trial court to apply a two point enhancement to the base offense level if it finds that a firearm or other dangerous weapon was possessed during the commission of the offense. United States Sentencing Commission, Guidelines Manual, § 2D1.1(b) (Oct. 1987) (U.S.S.G.). We review the district court's factual finding that Calderon Contreras possessed a firearm during the commission of the offense for clear error. United States v. Stewart, 926 F.2d 899 (9th Cir.1991).
 
 
 4
 Calderon Contreras relies upon United States v. Kelso, 942 F.2d 680 (9th Cir.1991), for the proposition that a defendant must be shown to have dominion and control over the firearm in order to invoke an enhancement pursuant to section 2D1.1(b). He argues that his case is similar to Kelso in that the government failed to prove that he had dominion and control over the weapon. The facts in Kelso, however, are distinguishable. In Kelso, the only connection between the defendant and the firearm was the fact that Kelso was a passenger in the car in which the gun was found. "Although Kelso may have had access to the gun, there is no evidence that he owned it, or even was aware of its presence." Id. at 682. In this case, the firearms were found, along with drugs, in Calderon Contreras's residence. A loaded semiautomatic weapon was found near his bed.
 
 
 5
 This case is factually similar to our precedents upholding the application of section 2D1.1(b) enhancements when weapons were found along with drugs in the defendant's residence. See United States v. Gillock, 886 F.2d 220 (9th Cir.1989) (possession of drugs and firearms in same residence); United States v. Willard, 919 F.2d 606, 610 (9th Cir.1990) ("proximity of guns and drugs is usually circumstantial evidence of possession during the commission of a drug offense"); see also United States v. Stewart, 926 F.2d 899 (9th Cir.1991) (weapon seized in residence which was fifteen miles from drug distribution site).
 
 
 6
 The guidelines provide that the adjustment should be applied if a weapon was present, unless it is clearly improbable that the weapon was connected with the offense. U.S.S.G. § 2D1.1(b)(1), comment. (n. 3). The undisputed facts show that the firearms were found in Calderon Contreras's residence along with cocaine and heroin. Therefore, we conclude that the district court's upward adjustment of Calderon Contreras's sentence for possession of a firearm while committing a drug offense was not clearly erroneous.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable David F. Levi, United States District Judge, Eastern District of California, sitting by designation