990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ruben BROWN, Defendant-Appellant.
 No. 92-30271.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 18, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ruben Brown appeals from his sentence, imposed following a guilty plea, for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Brown contends that the district court erred by (1) enhancing his offense level under the United States Sentencing Guidelines for possession of a firearm during commission of the offense, and (2) imposing a five-year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(B) even though the amount of drugs he possessed was not alleged in the indictment. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review for clear error the district court's finding that a defendant possessed a firearm during commission of a drug offense. United States v. Kelso, 942 F.2d 680, 681 (9th Cir.1991).
 
 
 4
 The district court must increase a defendant's base offense level by two levels if the defendant possessed a dangerous weapon during a drug offense, "unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1) and comment. (n. 3). The adjustment applies even if the defendant did not have actual physical possession of the weapon, but the government must demonstrate that the defendant knew of the firearm and exercised sufficient "dominion or control" over it to establish constructive possession. Kelso, 942 F.2d at 682 (adjustment disallowed where government failed to show sufficient connection between gun secreted in car driven by Kelso's codefendant and Kelso, a passenger in the car). Possession and knowledge may be established by circumstantial evidence, United States v. Castillo, 866 F.2d 1071, 1086 (9th Cir.1988), and evidence that the defendant exercised control over the area where the gun was found can support an inference of knowledge and control over the gun itself, see United States v. Behanna, 814 F.2d 1318, 1319 (9th Cir.1987).
 
 
 5
 Here, the presentence report (PSR) stated that Brown was arrested after police executed a warrant to search a house leased to Kenneth Strong and discovered Brown and Angelena Williams present in the kitchen. Strong was not present in the house. Brown admitted that he had been staying in the house for at least one week prior to his arrest, and the warrant was based in part on a confidential informant's allegation that he had seen Brown sell drugs from the house on numerous occasions. Upon executing the warrant, police discovered 15.19 grams of cocaine base secreted in the refrigerator in a container with a false bottom, several items of drug trafficking paraphernalia in various locations in the house, and a loaded .38 caliber revolver lying on top of the bed in one of the bedrooms. The district court adopted the PSR's recommendation and adjusted Brown's offense level for possession of the revolver.
 
 
 6
 Brown contends that the district court clearly erred by applying this adjustment because his situation is analogous to that in Kelso and the government failed to prove that he constructively possessed the firearm. We disagree. Brown had been living in Strong's house for at least a week and admitted possessing the cocaine base in Strong's refrigerator. A preponderance of the evidence indicated that Brown exercised dominion over the various items of drug paraphernalia which were located in different places in the house. The firearm was not secreted, but lay in full view on top of the bed in one of the bedrooms. The district court did not clearly err by finding that Brown possessed the firearm during his drug offense. Cf. Kelso, 942 F.2d at 682.
 
 
 7
 Because we uphold the firearm adjustment and the resulting Guideline range of 63-71 months, we need not reach Brown's contention that the mandatory minimum 60-month sentence required by 21 U.S.C. § 841(b)(1)(B) did not apply to his offense. We note, however, that drug quantity is not an element of the substantive offense of possession under 21 U.S.C. § 841(a), but is a factor relevant only to sentencing, United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991), cert. denied, 112 S.Ct. 1186 (1992), which need be proven only by a preponderance of evidence, see generally United States v. Restrepo, 946 F.2d 654 (9th Cir.1991), cert. denied, 112 S.Ct. 1564 (1992).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3