990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymundo MEDINA-ELENES, Defendant-Appellant.
 No. 92-30255.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 6, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymundo Medina-Elenes appeals from his sentence, imposed following his conviction by guilty plea, for conspiracy to possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841(a) and 846. Medina-Elenes contends that the district court erred by (1) refusing to reduce his United States Sentencing Guidelines offense level for minor participation, and (2) increasing his offense level for possession of a firearm. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 A. Minor Role
 
 3
 We review for clear error the district court's determination of a defendant's role in the offense. United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991).
 
 
 4
 The district court must reduce the offense level by two levels if the defendant was a minor participant in the offense. U.S.S.G. § 3B1.2(b). A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." Id., comment. (n. 3). "[A] defendant may be a courier without being either a minimal or a minor participant." Lui, 941 F.2d at 849; United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990). The district court is not obliged to accept the defendant's self-serving account of his role in the offense. Lui, 941 F.2d at 849.
 
 
 5
 Here, Medina-Elenes was arrested following a sting operation in which undercover agents conducted dozens of drug transactions with members of the conspiracy. He admitted his participation in five of the sales to undercover agents, involving a total of 37.21 grams of heroin and 215.9 grams of cocaine. Pursuant to a plea agreement, the government agreed to hold Medina-Elenes accountable only for the drugs he personally sold rather than for the entire amount attributable to the conspiracy. Nonetheless, at sentencing Medina-Elenes argued that he was entitled to a reduction for his minor role in the conspiracy, based primarily on his alleged role as a "runner" and the fact that the adjustment previously had been awarded to a codefendant who was responsible for a larger amount of drugs.
 
 
 6
 The district court denied the adjustment, noting that it would be inappropriate given that the government had already agreed to limit Medina-Elenes' liability to his own actual conduct rather than the relevant conduct of the conspiracy. The district court was not required to accept Medina-Elenes' self-description as a courier, see Lui, 941 F.2d at 849, or to make a finding of relative culpability among the coconspirators, see United States v. Peters, 962 F.2d 1410, 1415 n. 1 (9th Cir.1992). The district court did not clearly err by finding that Medina-Elenes was not a minor participant. See Lui, 941 F.2d at 849.
 
 B. Possession of Weapon
 
 7
 We review for clear error the district court's finding that a defendant possessed a firearm during commission of a drug offense. United States v. Kelso, 942 F.2d 680, 681 (9th Cir.1991).
 
 
 8
 The district court must increase the offense level by two levels if the defendant possessed a dangerous weapon during a drug offense. U.S.S.G. § 2D1.1(b)(1). The district court may decline to apply the enhancement only if "it is clearly improbable that the weapon was connected with the offense." Id., comment. (n. 3); United States v. Willard, 919 F.2d 606, 609 (9th Cir.1990), cert. denied, 112 S.Ct. 208 (1991). The defendant bears the burden of showing that a weapon he possessed was not connected to the drug offense. United States v. Stewart, 926 F.2d 899, 900-01 (9th Cir.1991).
 
 
 9
 Here, the presentence report (PSR) stated that during one of his meetings with an undercover agent, Medina-Elenes showed the agent a 9 mm rifle, loaded it, and fired it several times in target practice. In addition, at the time of Medina-Elenes' arrest, agents searched his home and found an unloaded .30-caliber rifle which was later determined to be inoperable. The PSR recommended a two-level increase under section 2D1.1(b)(1) based on Medina-Elenes' possession of both rifles. At sentencing, the district court indicated that it would not rely on the inoperable rifle in Medina-Elenes' home but found that it was "not improbable" that the 9 mm rifle was related to the drug conspiracy offense. On these facts, this finding was not clearly erroneous.[1] See Stewart, 926 F.2d at 901-02.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As he physically possessed the weapon, Medina-Elenes' reliance on our decision in Kelso is misplaced. See Kelso, 942 F.2d at 682 (requiring that district court determine whether defendant who did not physically possess firearm nevertheless exercised "dominion and control" over it)