12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose ARMENTA, Defendant-Appellant.
 No. 92-50593.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1993.
Decided Nov. 30, 1993.
 
 1
 Before: BROWNING, BEEZER, and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 I.
 
 3
 Motion to suppress evidence.
 
 
 4
 Because we held in United States v. Terry, No. 92-50262, slip op. 12999 (9th Cir. Nov. 18, 1993), that publication of General Order 384 in a local legal newspaper and posting a copy of the order on the courthouse bulletin board was insufficient notice, posting a copy of General Order 384-A on the courthouse bulletin board was insufficient notice. We reverse and remand for an evidentiary hearing on the motion to suppress. If the motion is granted, Armenta shall be allowed to withdraw his guilty plea.
 
 II.
 
 5
 Sentencing.
 
 
 6
 The district court's factual findings in the sentencing phase are reviewed for clear error. United States v. Peters, 962 F.2d 1410, 1414 (9th Cir.1992). The district court's discretionary refusal to depart from the Sentencing Guidelines is not reviewable. See United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992).
 
 
 7
 A. Drug Quantity.
 
 
 8
 Armenta concedes he agreed to transport approximately 74 kilos of cocaine. Since the court calculated his sentence based on the guideline level for at least 50 kilos but less than 150 kilos of cocaine, the court did not err.
 
 
 9
 B. Acceptance of Responsibility.
 
 
 10
 "The district court's determination [of acceptance of responsibility] will not be disturbed 'unless it is without foundation.' " United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990) (quoting United States v. Smith, 905 F.2d 1296, 1301 (9th Cir.1990)). The burden of showing acceptance of responsibility was on Armenta. Id. A guilty plea by itself does not entitle Armenta to a reduction for acceptance of responsibility. Id. at 1222-23; U.S.S.G. Sec. 3E1.1 n. 3. Since Armenta continued to deny responsibility for his level of participation in the conspiracy and the amount of cocaine involved, the district court's determination was not clearly wrong.
 
 C. Leader or Organizer
 
 11
 Testimony at the sentencing hearing supports the court's factual finding that Armenta was a leader. Vargas testified Armenta approached him about finding someone to drive the motorhome, and that Armenta organized the conspiracy. Raygoza-Hernandez testified she contacted Vargas looking for work selling drugs; Vargas introduced her to Armenta; and Armenta agreed to pay her for driving the motorhome and cocaine to New York. She also testified Armenta provided the money to rent the motorhome; and told her to drive it to Temecula where he would take the motorhome and contact her with further instructions. Although Armenta testified Raygoza-Hernandez was the leader of the conspiracy, there can be more than one organizer or leader. U.S.S.G. Sec. 3B1.1 n. 3 (1992).
 
 
 12
 Since the record supports the finding Armenta was a leader or organizer, we need not consider whether Armenta was entitled to a reduction for playing a minor role in the offense.
 
 
 13
 D. Possession of a firearm.
 
 
 14
 To demonstrate Armenta's constructive possession of the firearm for purposes of applying U.S.S.G. Sec. 2D1.1(b)(1), the government must show "a sufficient connection between the defendant and the [firearm] to support the inference that the defendant exercised dominion and control over the [firearm]." United States v. Kelso, 942 F.2d 680, 682 (9th Cir.1991) (citation and internal quotations omitted). Armenta testified he knew the gun was in the "stash house." Although he denied owning the gun, his access to it was evidenced by the fact he took the gun from the cupboard and examined it. Armenta's knowledge of the weapon, his presence with the gun at the essentially vacant "stash house," and his major role in the cocaine conspiracy support the inference Armenta had dominion and control over the gun.
 
 
 15
 REVERSED and REMANDED in part, AFFIRMED in part.
 
 
 
 *
 The parties are familiar with the facts and legal issues and they will not be repeated here. This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3