29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Augustin FERNANDEZ-RAMON, Defendant-Appellant,
 No. 93-10335.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 14, 1994.
Decided July 15, 1994.
 
 1
 Before: D.W. NELSON and BEEZER, Circuit Judges, and LETTS*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Augustin Fernandez-Ramon ("Fernandez") appeals from his conviction and sentence under 21 U.S.C. Sec. 846 for conspiracy to possess with intent to distribute marijuana and cocaine, and 21 U.S.C. Sec. 963 for conspiracy to import marijuana and cocaine.
 
 
 4
 Fernandez argues three points of error: (1) the admission of a confession that he made at the time of his arrest, in the form of testimony of a police officer's complaint made on the day of the arrest and admitted as a prior consistent statement, (2) a two-point upward adjustment in offense level for possession of a firearm, and (3) the refusal of a two-point or four-point downward adjustment in offense level for status as a minor or minimal participant in the offense.
 
 
 5
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm the district court in all respects.
 
 I. Admission of the Confession Evidence
 
 6
 Fernandez argues that the district court should not have admitted evidence of his confession at the time of arrest in the form of a prior consistent statement by the testifying police officer, made in a police officer's complaint.
 
 
 7
 We disagree. The district court could properly have concluded that defense counsel's opening statement and the general focus of the relevant cross-examination constituted an implied charge of recent fabrication which would support admission of the prior consistent statement. See Fed.R.Evid. 801(d)(1)(B).
 
 II. Application of the Sentencing Guidelines
 A. Jurisdiction
 
 8
 Contrary to the Government's contention, we conclude that we have jurisdiction pursuant to 18 U.S.C. Sec. 3742(a)(2). The Government does not contest our jurisdiction over Fernandez's appeal from the two-point upward adjustment for possession of a firearm or from the denial of a four-point downward adjustment for status as a minimal participant in the offense. However, the Government argues that Sec. 3742 does not confer jurisdiction to review the denial of Fernandez's request for a two-point downward adjustment for status as a minor participant in the offense. Fernandez was sentenced to 78 months of incarceration, which is the minimum prison time allowed for his present offense level of 28. Because the maximum penalty for an offense level of 26 is 78 months, even if we lower Fernandez's offense level by two points on the ground that he was a minor participant, he could still receive a sentence of 78 months. As the government points out, however, Sec. 3742 confers jurisdiction only when reversal on the ground asserted by the defendant would result in a sentencing range for which the maximum prison term is lower than the actual sentence the defendant received.[1]
 
 
 9
 Although we agree with the Government's construction of Sec. 3742, we reject the contention that Fernandez's appeal falls outside the scope of Sec. 3742. Fernandez argues another point of error which may combine with the denial of minor participant status to lower his guideline range by four points, namely, the district court's two-point upward adjustment for possession of a firearm. If we were to find both rulings erroneous, then the result of our exercise of jurisdiction would be to lower Fernandez's sentence by four points, rather than only two. Therefore, we hold that we have jurisdiction over all the issues in Fernandez's appeal.
 
 
 10
 For the reasons that follow, we affirm the district court's calculation of Fernandez's sentence.
 
 
 11
 B. Upward Adjustment for Possession of a Firearm
 
 
 12
 The district court did not abuse its discretion in applying a two-point upward adjustment for possession of a firearm. There is more evidence in this case than in United States v. Kelso, 942 F.2d 680 (9th Cir.1991), the case upon which Fernandez relies, tending to prove that Fernandez had dominion and control over the firearm which served as the basis for the upward adjustment. Fernandez confessed to being in the house to guard the drugs, a mission which would strongly support the inference that he was armed. Furthermore, the fact that the gun was found loaded, in a sufficiently handy location as to be in plain view, and in the same room as Fernandez's clothes and identification strongly supports the inference that Fernandez possessed it in connection with his guard duty.
 
 
 13
 C. Refusal of a Downward Adjustment for Role in the Offense
 
 
 14
 As explained below, we find that the district court's denial of minimal or minor participant status was either not erroneous or at most only harmless error.
 
 1. Minimal Participant Status
 
 15
 The Application Notes to Section 3B1.2 of the United States Sentencing Guidelines state that this section, entitled "Mitigating Role," "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." United States Sentencing Guidelines Sec. 3B1.2 Background (1993).
 
 The minimal participant reduction
 
 16
 is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant.
 
 
 17
 Id. Application Note 1 (1993). The Application Notes further state the intention that minimal role reduction will be used infrequently and offer the example of someone who offloads a single marijuana shipment or delivers a small amount of drugs for a large drug ring. Id. Application Note 2.
 
 
 18
 We hold that the district court was not clearly erroneous in denying Fernandez a four-point reduction as a minimal participant in the conspiracy. Unlike the minimal participants in described Application Note 2, Fernandez was aware of substantially all the drugs involved in this offense. Furthermore, he was armed and appears to have been on guard duty for a substantial period of time.
 
 2. Minor Participant Status
 
 19
 Because jurisdiction attached over all of Fernandez's appeal at the outset, jurisdiction remains even though it would not have attached over Fernandez's appeal from denial of a two-point reduction for minor participant status had it been brought alone. We will therefore consider this issue.
 
 
 20
 Fernandez may well have been a minor participant in the offense within the meaning of Sec. 3B1.2 of the Sentencing Guidelines. The two-point reduction for having played a minor role in the offense is intended to cover "any participant who is less culpable than most other participants, but whose role could not be described as minimal." Id. Application Note 3. The evidence tends to show that Fernandez acted only as a guard. Particularly indicative is Fernandez's confession, which consisted of the statement, "I am only here to guard the drugs, I do not know anything else." As a mere guard, Fernandez may very well have been less culpable than most of the other participants in this offense, such as those who arranged the transaction or possessed the drugs. For these reasons, although Fernandez's role clearly was not minimal, it appears that his role may well have been "minor" within the meaning of Sec. 3B1.2.
 
 
 21
 Nevertheless, we decline to reverse the district court's sentence. Because a two-point reduction for minor participant status would still result in a guideline range embracing Fernandez's actual sentence, the district court's error, if any, was harmless. Accordingly, we affirm the district court's sentence, and we need not remand for further action.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The Honorable J. Spencer Letts, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 18 U.S.C. Sec. 3742 (Supp.1993) provides as follows:
 (a) Appeal by a defendant.--A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--
 * * *
 (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater ... term of imprisonment ... than the maximum established in the guideline range....