50 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Blanco TERAN, Defendant-Appellant.
 No. 94-10255.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1995.
Decided March 16, 1995.
 
 IN PART, REVERSED IN PART.
 Before: FLETCHER, PREGERSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jesus Teran appeals his sentence under the Sentencing Guidelines following his guilty plea to bribery of a public official, 18 U.S.C. Secs. 201(b)(2)(A) and (b)(4). Having jurisdiction pursuant to 28 U.S.C. Sec. 1291, we affirm in part, reverse in part, and remand for resentencing.
 
 
 3
 The district court's interpretation and application of the sentencing guidelines are reviewed de novo. United States v. Navarro, 979 F.2d 786, 788 (9th Cir.1992). The court's findings of fact are reviewed for clear error. United States v. Turner, 898 F.2d 705, 708 (9th Cir.), cert. denied, 495 U.S. 962 (1990).
 
 
 4
 * Teran pleaded guilty to accepting a bribe in violation of 18 U.S.C. Sec. 201(b)(2)(A), and was sentenced pursuant to U.S.S.G. Sec. 2C1.1. Section 2C1.1(c)(1) provides for sentencing under Sec. 2X3.1 (Accessory After the Fact) for the relevant other criminal activity where "the bribe was for the purpose of concealing or facilitating another criminal offense...." (emphasis added)
 
 
 5
 The district court did not clearly err in determining that the criminal activity was for the purpose of facilitating the importation of drugs. Avila testified that Teran told her she needed a fake card to use whenever she crossed the border with marijuana so her name would not become known, and that there was an agreement the card would be used only for drug crossing. This supports the finding that the purpose of obtaining the card was to facilitate the drug scheme. Whether or not it was actually used is irrelevant to the use of the drug guidelines.
 
 II
 
 6
 Teran argues that the government never showed that he was wearing a gun. However, as the presentence report (PSR) refers to Teran's carrying a gun and the district court may rely on uncontested statements in the PSR, United States v. Lopez-Cavasos, 915 F.2d 474, 476-77 (9th Cir.1990); Temporary General Order No. 166 of the U.S. District Court for the District of Arizona, the court's finding that Teran carried a gun was not erroneous.
 
 
 7
 Teran next argues that the enhancement for carrying a weapon was inappropriately applied because the enhancement reflects the "increased danger of violence when drug traffickers possess weapons" U.S.S.G. Sec. 2D1.1, comment (n. 3), while his gun was simply part of his uniform. He correctly points out that the enhancement is only proper "unless it is clearly improbable that the weapon was connected to the offense." Id.; United States v. Kelso, 942 F.2d 680, 682 n. 2 (9th Cir.1990) (quoting language of comment).
 
 
 8
 The U.S.S.G. comment gives one example of when the clearly improbable exception would apply: "if the defendant, arrested at his residence, had an unloaded hunting rifle in his closet." (emphasis added). Cases applying the exception are generally closely analogous to that example; Teran cites none where the gun was in the actual physical possession of the defendant at the time of the offense.
 
 
 9
 We cannot say the district court clearly erred in light of the fact that drugs were being illegally brought in across the border with Teran on guard, carrying a gun. That is the point where, if there were a problem, conflict would occur. Avila also testified that Teran told her he needed to make points by seizing drugs and that a fake seizure should be arranged. It was. Again, if something had gone wrong, Teran had a gun and that gun was part of the offense and a related coverup. Therefore, it was not clear error for the court to conclude that Teran did not meet his burden of showing that it was clearly improbable the gun was related to the crime.
 
 III
 
 10
 Teran concedes that United States v. Gonzales, 16 F.3d 985 (9th Cir.1994), held that it was not error to use the abuse of trust enhancement faced with facts essentially the same as this case. As Gonzales controls, we hold that applying an abuse of trust enhancement to bribing a public official was not double counting.
 
 IV
 
 11
 The government concedes that the wrong guidelines were used and that the proper guidelines bar application of both the abuse of trust and role in offense enhancements,[1] but argues that the sentence can stand nonetheless. We disagree, because the district court's decision not to depart downward does not indicate where, within the proper (and different) guideline range of 108-135 months, it would have imposed sentence. As we cannot say the error was harmless, we must remand for resentencing.
 
 V
 
 12
 Teran argues that the district court erred in declining to grant him a downward departure under 18 U.S.C. Sec. 3553(b) for his military service, status as a military hero, and long time civilian government service. However, a district court's discretionary decision not to depart downward from the guidelines is not subject to review on appeal. United States v. Morales, 898 F.2d 99, 101 (9th Cir.1990). We thus lack authority to review this decision.
 
 
 13
 AFFIRMED in part; REVERSED in part; and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We thus need not reach Teran's contention that the role in offense enhancement was improperly applied