**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Patrick Bouvier BROWNE,**
**Defendant—Appellant.**

No. 02–50096.

D.C. No. CR–00–01095–GAF.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 13, 2003.

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

### MEMORANDUM **

Patrick Bouvier Browne appeals his 135–month sentence imposed following his guilty plea conviction for conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review de novo the district court's interpretation of the sentencing guidelines, and we review for clear error the factual findings underlying the sentencing decision. *United States v. Jordan*, 256 F.3d 922, 926 (9th Cir.2001). We affirm in part, and vacate and remand in part.

Browne contends for the first time on appeal that the district court erred by not using the clear and convincing evidence standard to increase his offense level by four levels. Because the increase did not have a disproportionate effect on Browne's sentence, the district court did not plainly err by using the preponderance of the evidence standard to weigh the evidence. *See United States v. Hopper*, 177 F.3d 824, 833 (9th Cir.1999) (finding that four-level increase in sentence is not an exceptional case requiring clear and convincing evidence); *cf. Jordan*, 256 F.3d at 930–31 (holding that the impact of a nine-level enhancement, which more than doubled

defendant's sentence, required clear and convincing evidence standard).

Browne contends that the district court erred by increasing his base offense level by two levels based on the marijuana found in the residence he shared with a co-defendant. Because there was insufficient evidence to show that Browne was directly involved with marijuana, the district court clearly erred by including the marijuana as relevant conduct. *See United States v. Whitecotton*, 142 F.3d 1194, 1197–98 (9th Cir.1998); U.S.S.G. § 1B1.3(a)(1)(A) (stating that relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant"). Because the district court did not make a finding as to whether the marijuana was reasonably foreseeable and within the scope of the criminal activity that Browne jointly undertook, we remand for further proceedings. *See United States v. Newland*, 116 F.3d 400, 404–05 (9th Cir.1997); *Whitecotton*, 142 F.3d at 1197–99.

Browne contends that the district court clearly erred when it applied a two-level enhancement for possession of a loaded firearm under U.S.S.G. § 2D1.1(b)(1) because he did not have knowledge or actual possession of the gun. We agree. On the record below, it cannot be found by a preponderance of the evidence that Browne, rather than his co-defendant, possessed the weapon. *See United States v. Kelso*, 942 F.2d 680, 682 (9th Cir.1991) (holding that the presence of a gun in a bag with drugs found behind the driver's seat of a car was insufficient to establish possession by passenger); *United States v. Highsmith*, 268 F.3d 1141, 1142 (9th Cir. 2001) (vacating enhancement where there

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

was no evidence that defendant knew of the gun in a cohort's bedroom, to which defendant had access). Because the district court did not make a finding that the possession of a gun was reasonably foreseeable and within the scope of the criminal activity that Browne jointly undertook, we remand for further proceedings. *See United States v. Vargas,* 933 F.2d 701, 710–11 (9th Cir.1991) (holding that the district court must make express findings as to whether a defendant could reasonably foresee a conspirator's possession of a weapon, where foreseeability is not implicit in the district court's statements); *Kelso,* 942 F.2d at 682 n. 3 (noting that the firearm adjustment would have been appropriate if possession by Kelso's co-conspirator had been reasonably foreseeable).

AFFIRMED in part, VACATED in part, and REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.