**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50423 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00713-SJO-1 |
| v. | |
| ADAN GOMEZ SUASTEGUI, AKA Adan Gomez Sautegui | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted January 8, 2013
Pasadena, California

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and HELLERSTEIN, Senior District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

1

Adan Gomez Suastegui ("Appellant") appeals the 120-month sentence imposed following his plea of guilty to conspiracy to manufacture marijuana in violation of 21 U.S.C. §§ 841(b)(1)(A)(vii), 846. Specifically, Appellant challenges (1) the district court's finding that he did not qualify for safety valve relief (18 U.S.C. § 3553(f)) from the statutory mandatory minimum sentence of 120 months and (2) a two-level upward adjustment for the specific offense characteristic of possession of a firearm in connection with his offense, pursuant to U.S.S.G. § 2D1.1(b)(1).[1] The Appellant also requests that the case be remanded to conform the written judgment to the oral pronouncement of sentence with regard to drug testing and drug rehabilitation.

We assume familiarity with the record. We affirm the district court's sentence, but remand with instructions to conform the written judgment to the oral pronouncement of sentence.

I

Appellant pleaded guilty to violating 21 U.S.C. § 841(b)(1)(A), conspiracy to manufacture marijuana, which provides a 120-month mandatory minimum sentence. Appellant challenges the district court's finding that he did not qualify

---

[1]      Appellant was sentenced pursuant to the 2010 edition of the U.S. Sentencing Guidelines Manual. Citations to the Guidelines in this memorandum refer to that edition.

for safety valve relief under 18 U.S.C. § 3553(f) from the mandatory sentence. The district court's determination of whether a defendant qualifies for safety valve relief is a factual determination reviewed for clear error. *United States v. Ajugwo*, 82 F.3d 925, 929 (9th Cir. 1996).

To qualify for safety valve relief from a mandatory minimum sentence, a defendant must prove, by a preponderance of the evidence, that he satisfies each of the five criteria of 18 U.S.C. § 3553(f). *United States v. Ferryman*, 444 F.3d 1183, 1186 (9th Cir. 2006). The district court found that Appellant did not satisfy the second criterion, that "the defendant did not...possess a firearm or other dangerous weapon...in connection with the offense." 18 U.S.C. § 3553(f)(2).

Appellant's conviction arises from a conspiracy to plant, cultivate, and harvest over 4,000 marijuana plants in the San Bernardino National Forest. While conducting on-the-ground surveillance, police officers observed Appellant, or his co-defendant Valentine Segundo Avalos, carrying a shotgun near the campsite where they slept, which was a short distance from the site where they planted and cultivated the marijuana. Appellant later admitted that he carried and loaded the firearm. When Appellant and his co-defendant were arrested, the shotgun was found by police at the campsite.

The district court did not clearly err in its factual determination that Appellant possessed a firearm in connection with his offense and therefore did not qualify for safety valve relief.

II

In calculating Appellant's total offense level in accordance with the Sentencing Guidelines, the district court imposed a two-level increase pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. The two-level adjustment is appropriate "unless it is clearly improbable that the weapon would be connected with the offense." U.S.S.G. § 2D1.1 n.3 (2010).[2] The district court's determination of whether § 2D1.1(b)(1) applies is a factual determination reviewed for clear error. *United States v. Kelso*, 942 F.2d 680, 681 (9th Cir. 1991).

---

[2] The 2012 edition of the U.S. Sentencing Guidelines Manual includes this note at § 2D1.1 n.11(A).

4

In light of the facts stated above, the district court did not clearly err in finding that Appellant possessed a firearm in connection with the offense.[3]

## III

In pronouncing oral sentence, the district court stated, "Defendant shall submit to one drug test within 15 days of release." In its written Judgment and Commitment Order, however, the court ordered Appellant to submit to one test within fifteen days of release and at least two periodic tests thereafter in accordance with the statutory requirements of 18 U.S.C. § 3583(d). The court's written judgment also ordered the Appellant to pay the costs of drug rehabilitation, even though the court did not require Appellant to undergo drug rehabilitation.

---

[3] Moreover, Appellant's challenge to the two-level adjustment of § 2D1.1(b)(1) is academic. The two-level adjustment increased Appellant's total offense level from 25 to 27, corresponding to a sentencing range, at Criminal History Category I, of between 70 and 87 months, well below the 120-month mandatory minimum of Appellant's sentence.

Appellant's co-defendant, Valentine Segundo Avalos, received a sentence of 48 months, based on safety valve relief from the mandatory minimum sentence of 120 months and a further downward variance. However, Avalos' sentence is not before this Court. Our review is limited to the sentence imposed upon the Appellant, and, notwithstanding "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), we affirm the district court's denial of safety valve relief and its upward adjustment pursuant to § 2D1.1(b)(1), and are constrained to affirm the 120-month mandatory minimum as 21 U.S.C. § 841(b)(1)(A) requires.

"[I]n this circuit, where the oral pronouncement of a defendant's sentence is unambiguous, but differs from the written sentence, the oral sentence controls." *United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1163 (9th Cir. 2010) (internal quotation marks and alterations omitted).[4] We may remand a case to conform the written judgment to the oral pronouncement of sentence. *United States v. Goddard*, 537 F.3d 1087, 1093 (9th Cir. 2008).[5]

This case is therefore remanded (1) with instructions to the district judge to conform the written judgment to the oral pronouncement of sentence requiring Appellant to undergo one drug test within fifteen days of release, and (2) to strike the requirement that Appellant pay for drug treatment.

**AFFIRMED in part, and REMANDED.**

---

[4] Since Appellant did not have a history of drug or alcohol abuse, PSR 54-55, and the statutory requirements of testing provided by 18 U.S.C. § 3583(d) may be ameliorated or suspended if a low risk of future substance abuse is indicated, 18 U.S.C. § 3563(a), there was adequate basis for the district court's oral pronouncement of sentence.

[5] Of course, if Appellant violates the terms of supervised release by, for example, unlawfully using a controlled substance, the district court may then revoke or modify the conditions of supervised release and impose additional testing. *See* 18 U.S.C. § 3583(e), (g).