**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30096 |
| Plaintiff - Appellee, | DC No. 3:11 cr-0039 RRB |
| v. | |
| MARQUINN PRETISS JONES-NELSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Submitted May 21, 2013[**]
Anchorage, Alaska

Before:    TASHIMA, TALLMAN, and N.R. SMITH, Circuit Judges.

Defendant-Appellant Jones-Nelson appeals his sentence following his plea

of guilty to a two-count indictment for distribution of crack cocaine.  He argues

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

that the advisory Guidelines sentence should not have been enhanced for possession of a weapon, and that it should have been further reduced for acceptance of responsibility. He also appeals the district court's refusal to strike references in the presentence investigation report ("PSR") to his possible affiliation with gangs. Because the facts and procedural history are familiar to the parties, we do not recite them here, except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's findings of fact at the sentencing hearing for clear error. *United States v. Rivera*, 527 F.3d 891, 908 (9th Cir. 2008). We review de novo the district court's understanding of the Sentencing Guidelines, *id*., as well as its compliance with Federal Rule of Criminal Procedure 32. *United States v. Thomas*, 355 F.3d 1191, 1194 (9th Cir. 2004). We affirm.

1.      Jones-Nelson first argues that the district court should not have applied a two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). Although the physical evidence alone would have been insufficient to find possession in this case, *see United States v. Kelso*, 942 F.2d 680, 682 (9th Cir. 1991), the testimony of an informant – that Jones-Nelson did indeed possess the firearm discovered in the car – provided additional evidence to support the district court's finding. We will not disturb the district court's finding that this

testimony was credible, *see United States v. Becerra-Garcia*, 397 F.3d 1167, 1172 (9th Cir. 2005); therefore, we conclude that it was not clearly erroneous for the district court to find that Jones-Nelson possessed the firearm.

2.     Jones-Nelson next argues that he should have been granted a third level of reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). Criminal defendants who accept responsibility for their crimes are entitled to two levels of reduction.  U.S.S.G. § 3E1.1(a).  We have previously established, however, that "the government's discretion to file a motion [for a third level of reduction] is a power, not a duty." *United States v. Johnson*, 581 F.3d 994, 1001 (9th Cir. 2009) (internal quotation marks and citations omitted).  The government did not file such a motion, and there is no indication that the government's decision not to do so was either "animated by an unconstitutional motive," or unrelated "to a legitimate governmental interest." *See id*.  Just because the district court found the evidence that Jones-Nelson had obstructed justice was insufficient to support a sentencing enhancement does not mean that the government's concerns in that regard were arbitrary or irrational.  Accordingly, Jones-Nelson was not entitled to a third level of reduction. *See id*.

3.     Finally, Jones-Nelson argues that the district court erred when it refused to excise references to gang affiliations from the PSR.  A PSR should

include "any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in correctional treatment." Fed. R. Crim. P. 32(d)(2)(A)(iii). A district court must resolve factual disputes in a PSR where the dispute affects the sentencing decision; it need not do so, however, where it clearly states that the factual dispute will not affect the decision. *See United States v. Saeteurn*, 504 F.3d 1175, 1178 (9th Cir. 2007). Here, the district judge did not resolve the factual dispute regarding gang affiliation, but did make explicit that references in the PSR to such affiliation had "absolutely no bearing on the sentence imposed." Accordingly, there was no error.

**AFFIRMED.**