**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 11 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAMIRO SUAREZ,

Defendant - Appellant.

No. 14-10316

D.C. No. 2:09-cr-358-WBS-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Submitted July 7, 2016[**]
San Francisco, California

Before: SILVERMAN and NGUYEN, Circuit Judges and ANELLO,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael M. Anello, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Defendant-Appellant Ramiro Suarez pleaded guilty to the following drug-related offenses pursuant to 21 U.S.C. §§ 841 and 846: conspiracy, manufacturing at least 1,000 marijuana plants, distribution of methamphetamine, and possession with intent to distribute methamphetamine. Suarez also pleaded guilty to being an alien in possession of a firearm pursuant to 18 U.S.C. 922(g)(5)(A). The district court sentenced Suarez to a prison term of 216 months. Suarez appeals his sentence. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand the case for resentencing.

First, Suarez argues that the district court erred in applying a 2-level enhancement pursuant to United States Sentencing Guidelines Manual ("U.S.S.G.") § 3B1.1(c) based on his leadership role in the conspiracy. Section 3B1.1(c) states that a court should increase an offense level by two levels based on a defendant's role in an offense if "the defendant was an organizer, leader, manager, or supervisor of any criminal activity other than described in (a) or (b)." *See* U.S.S.G. § 3B1.1(c). Application Note 2 to section 3B1.1 states that "an upward departure may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization." U.S.S.G. § 3B1.1, cmt. n.4. We review the district court's

interpretation of the Sentencing Guidelines *de novo*. *United States v. Smith*, 719 F.3d 1120, 1123 (9th Cir. 2013).

The district court incorrectly interpreted the sentencing guidelines when it accepted the government's argument that it could apply an enhancement pursuant to section 3B1.1(c) solely based on Suarez's management of property or assets of the criminal organization. Such management is insufficient to warrant application of the enhancement, as a court must find a defendant exercised some level of control over another participant prior to applying the enhancement. In this circuit, "some degree of control or organizational authority over *others* is required in order for section 3B1.1 to apply." *United States v. Bonilla-Guizar*, 729 F.3d 1179, 1186-87 (9th Cir. 2013) (emphasis in original) (*quoting United States v. Mares–Molina*, 913 F.2d 770, 773 (9th Cir. 1990)). In other words, "[c]ontrol over the activities or assets of a criminal organization may [] support an upward departure from the guidelines, but may not contribute to the calculation of the guidelines sentence." *United States v. Whitney*, 673 F.3d 965, 975 n.6 (9th Cir. 2012). Because the district court misinterpreted the guidelines, affecting its calculation of the applicable offense level and the resulting guidelines range, we reverse and remand the case for resentencing.

Second, Suarez argues that the district court erred in applying a 2-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) based on the presence of firearms in a locked compartment under Suarez's bed at his residence. Pursuant to section 2D1.1(b)(1), courts are instructed to apply a 2-level enhancement to a defendant's offense level where "a dangerous weapon (including a firearm) was possessed." *See United States v. Ferryman*, 444 F.3d 1183, 1186 (9th Cir. 2006). This Circuit interprets "possession" broadly. *United States v. Pitts*, 6 F.3d 1366, 1372 (9th Cir. 1993); *see also United States v. Boykin*, 785 F.3d 1352, 1364 (9th Cir. 2015), *cert. denied,* 136 S. Ct. 272 (2015) (stating that to show constructive possession, the government need only show "a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the [contraband]") (quoting *United States v. Kelso*, 942 F.2d 680, 682 (9th Cir. 1991)). However, Application Note 3 to section 2D1.1 provides for an exception, stating that a court should not apply the adjustment where "it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1), cmt. n.3. The defendant bears the burden of showing that it is "clearly improbable" that he or she possessed a dangerous weapon in connection with an offense. *Ferryman*, 444 F.3d at 1186. We review for clear error a district

4

court's factual finding that a defendant possessed a dangerous weapon in connection with a drug offense. *Kelso*, 942 F.2d at 681; *Smith*, 719 F.3d at 1123.

Here, the district court did not clearly err in finding that (1) Suarez possessed the guns during the drug offenses, and (2) Suarez did not demonstrate that it was clearly improbable that the guns were connected to the offenses. The district court's findings are supported by the following facts. Police found multiple guns under Suarez's bed at his own home, where only Suarez, his wife and children lived. Further, multiple drug transactions had occurred at Suarez's home, and police found a large quantity of drugs and some evidence of drug trafficking in and around the home. *See e.g.*, *United States v. Kyllo*, 37 F.3d 526, 531 (9th Cir. 1994) (upholding enhancement where two guns were present at the same residence as a marijuana grow operation); *United States v. Lopez-Sandoval*, 146 F.3d 712, 715 (9th Cir. 1998) (stating "[w]e have upheld an enhancement for weapons possession when the record showed that on the day that a drug transaction took place, the defendant was living in a place where a weapon was found four months later," even though the drug transaction did not occur at his residence). Further, the fact that the guns were in a locked compartment in Suarez's residence at the time the police discovered them does not render it clearly improbable that the weapons were connected to the drug offenses. This is particularly true in light of

5

the fact that the presentence report that the district judge adopted stated that Suarez had conducted other drug transactions at his home during the course of his nearly nine-month span of criminal conduct. *See Pitts*, 6 F.3d at 1373 (holding that a district court may consider the entire course of a defendant's criminal conduct, not just the offense of conviction, in determining whether a firearm is connected with a drug offense).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**.