**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 13 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10144 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00294-JST-1 |
| v. | |
| TOMMY LEONARD, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted November 17, 2016
San Francisco, California

Before: SCHROEDER, WARDLAW, and OWENS, Circuit Judges.

Tommy Leonard appeals his sentence of incarceration following a guilty

plea to being a felon in possession of a firearm in violation of 18 U.S.C.

§ 922(g)(1). He challenges the calculation of his base offense level and the

sentencing enhancement based on the stolen AR-15 assault rifle that was found in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

his girlfriend's apartment. We have jurisdiction pursuant to 18 U.S.C. § 3742(a), and we vacate the sentence and remand for resentencing.

1.    The district court correctly applied a preponderance of the evidence standard to the base level for an offense involving a semiautomatic firearm capable of accepting a large capacity magazine pursuant to U.S.S.G. § 2K2.1. To determine whether an enhancement had an "extremely disproportionate" effect on the length of a sentence, we are guided by a six-factor test articulated in *United States v. Valensia*, 222 F.3d 1173, 1182 (9th Cir. 2000). The district court did not err when, properly considering the factors under the "totality of the circumstances," *id.*, it found that the enhancement did not have an extremely disproportionate effect.

2.    However, the district court failed to apply the appropriate legal standard in concluding that Leonard constructively possessed the stolen AR-15. To demonstrate possession, the government must prove both access to *and* knowledge of the item at issue. *United States v. Kelso*, 942 F.2d 680, 682 (9th Cir. 1991); *see also United States v. Cazares*, 121 F.3d 1241, 1245 (9th Cir. 1997) ("To demonstrate constructive possession the government must prove a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the [contraband]") (internal

2

quotation marks omitted). Access alone cannot, without more, prove knowledge. *See, e.g.*, *United States v. Highsmith*, 268 F.3d 1141, 1142 (9th Cir. 2001) (holding that a defendant's access to a firearm found in a cohort's bedroom did not establish knowledge, and therefore did not prove possession); *Cazares*, 121 F.3d at 1245 ("'Where, as here, a residence is jointly occupied, the mere fact that contraband is discovered at the residence will not, without more, provide evidence sufficient to support a conviction based on constructive possession against any of the occupants.'") (quoting *United States v. Reese*, 775 F.2d 1066, 1073 (9th Cir. 1985)).

We recognize that neither party cited the *Kelso* line of authority to the district court, however. We therefore remand for resentencing so that the district court may apply the *Kelso* line of authority to the evidentiary record in this case in the first instance.

**SENTENCE VACATED; REMANDED for resentencing.**

3