**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30067 |
| Plaintiff-Appellee, | |
| v. | D.C. Nos.<br>9:18-cr-00005-DLC-2<br>9:18-cr-00005-DLC |
| JEREMY DAVID MEDBERY, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted February 4, 2021[**]
Seattle, Washington

Before:  GRABER, McKEOWN, and PAEZ, Circuit Judges.

Defendant Jeremy David Medbery appeals his criminal sentence of 84

months' imprisonment for possession with intent to distribute 50 grams or more of

methamphetamine, and for distribution of methamphetamine, in violation of 21

U.S.C. § 841(a)(1).  Reviewing the district court's factual findings for clear error

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and its interpretation of the U.S. Sentencing Guidelines (U.S.S.G.) and federal statutes de novo, United States v. Mejia-Pimental, 477 F.3d 1100, 1103 (9th Cir. 2007), we affirm in part, reverse in part, vacate the sentence, and remand for resentencing.

1. The district court did not clearly err by rejecting Defendant's request for U.S.S.G. § 3E1.1's two-level reduction for acceptance of responsibility. We give "great deference" to a district judge's application of § 3E1.1. United States v. Cantrell, 433 F.3d 1269, 1284 (9th Cir. 2006) (quoting § 3E1.1 cmt. n.5). The district court permissibly found that Defendant contested "essential elements of his guilt," such as the quantity of drugs he possessed, making "his burden to demonstrate a clear acceptance of responsibility . . . high." United States v. Wilson, 392 F.3d 1055, 1061 (9th Cir. 2004). Thus, the district court did not clearly err in finding that Defendant's post-arrest cooperation and admission to "some, though not all, of his conduct" was insufficient. Id.

2. The district court permissibly applied U.S.S.G. § 2D1.1(b)(1)'s two-level enhancement. The court did not clearly err in finding that Defendant possessed a handgun when he sold drugs to an informant and that it was not "clearly improbable" that the firearm had a connection to Defendant's offense. See United States v. Terry, 911 F.2d 272, 278 (9th Cir. 1990) (holding "that if a party has

knowledge of the weapon and both the power and the intention to exercise dominion and control over it, then he has constructive possession"); U.S.S.G. § 2D1.1(b)(1) cmt. n.11(A) (stating that the enhancement does not apply if the defendant proves that it is "clearly improbable that the weapon was connected with the offense"). Following his arrest, Defendant told officers that <u>his</u> Hi-Point nine-millimeter pistol was located under the center console of <u>his</u> pickup truck from which he participated in a controlled sale of methamphetamine. Law enforcement agents then found exactly that weapon, loaded, in exactly that location when they searched the truck. Defendant's attempt to liken his case to <u>United States v. Kelso</u> is misplaced because there, "[a]lthough [the defendant] may have had access to the gun, there [wa]s no evidence he owned it, or even was aware of its presence." 942 F.2d 680, 682 (9th Cir. 1991). Here there is such evidence. Consequently, we need not consider Defendant's alternative arguments. <u>See</u> <u>United States v. Ali</u>, 620 F.3d 1062, 1074 (9th Cir. 2010) (holding that harmless error applies at sentencing).

3. The district court erred in concluding that Defendant was ineligible for 18 U.S.C. § 3553(f)'s "safety valve" because he had received U.S.S.G. § 2D1.1(b)(1)'s firearm enhancement. <u>See</u> <u>United States v. Nelson</u>, 222 F.3d 545, 550–51 (9th Cir. 2000) (holding that a defendant must prove only by a preponderance of the evidence that his firearm lacked a connection to his offense

3

while he must prove that connection is "clearly improbable" to avoid § 2D1.1(b)(1)'s enhancement). Contrary to the government's assertion, we do not review that claim for plain error because Defendant argued at sentencing that he remains eligible for the safety valve with or without § 2D1.1(b)(1)'s enhancement. Indeed, the district court explicitly stated that Defendant had preserved the argument for appeal. Thus, our traditional rule applies: an error in interpreting the safety-valve statute, which the district court committed, requires resentencing. Mejia-Pimental, 477 F.3d at 1109. We therefore vacate Defendant's sentence and remand for the district court to determine whether Defendant can prove, by a preponderance of the evidence, that he qualifies for § 3553(f)'s safety valve. If the district court answers that question in the affirmative, it shall conduct a full resentencing. See id. (holding that "[t]he type of discretion afforded a court that is restrained by a statutory minimum is wholly unlike that afforded one that is not").

**AFFIRMED IN PART, REVERSED IN PART, SENTENCE VACATED AND REMANDED FOR RESENTENCING.**